IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CYNTHIA EDWARDS FRAZIER,

    Plaintiff,

v.   No. 04-2719 B

WASHINGTON MUTUAL, INC.,

    Defendant.

_____

ORDER GRANTING THE MOTION OF THE DEFENDANT FOR SUMMARY JUDGMENT
AND DENYING THE MOTION OF THE PLAINTIFF FOR SUMMARY JUDGMENT
_____

Plaintiff Cynthia Edwards Frazier brought the instant action pro se against the Defendant, Washington Mutual, Inc. ("Washington Mutual"), alleging violation of the Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681, et seq. ("FCRA") and the Truth in Lending Act of 1995 ("TILA"), 15 U.S.C. § 1601 et seq. Specifically, Frazier avers that Washington Mutual unlawfully furnished information relating to the Plaintiff to a consumer credit reporting agency which the Defendant knew or should have known to be inaccurate. Before the Court are the parties cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

Rule 56 states in pertinent part that a

---

[1] The Defendant responded to the Plaintiff's motion for summary judgment on May 8, 2006. However, the Plaintiff did not timely file a response to the Defendant's motion for summary judgment. On May 11, 2006, after the time for such a response had expired, this Court entered an order to show cause directing the Plaintiff to respond to the Defendant's motion. In response, Plaintiff timely filed a Partial Response to the Order to Show Cause in which she stated her "intention to comply with the orders of the Court immediately." (Pl.'s Partial Resp. Order Show Cause at 1.) Because it is assumed that Frazier's motion for summary judgment contains her arguments in support of her claims and because her response has no impact on the substance of the ruling, the Court will proceed to reach the merits of the case.

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th Cir. 1988).  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."  Celotex, 477 U.S. at 324, 106 S.Ct. at 2553.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S.Ct. at 1356.  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  The "judge may not make credibility determinations or weigh the evidence."  Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

The following facts are undisputed unless noted.[2]  On June 22, 2000, "Cynthia Edwards"

---

[2] Local Rule 7.2(d)(3) provides that

> the opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied . . . shall respond to the proponent's number designations, using the corresponding serial numbering, both in the response and by affixing to the response copies of the precise portions of the record relied upon to evidence the opponent's contention that the proponent's designated material facts are at issue.

LR 7.2(d)(3), Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn.  Because Frazier did not respond

signed a Uniform Residential Loan Application as a Co-borrower, along with Mary Perkins as Borrower, for a real estate loan for property located at 717 Josephine Street, Memphis, Tennessee 38114 (the "Property").  (Mem. Supp. Def.'s Mot. Summ. J. ("Def.'s Mot.") Ex. A.)  Rod Gosney, then employed by First Financial Mortgage, assisted Perkins and "Edwards" in completing the loan application and identified the Plaintiff as the Co-borrower present at the closing of the loan on July 24, 2000.  (Aff. Rod Gosney ("Gosney Aff.") ¶¶ 3,4.)  The Plaintiff and Perkins originally applied for and received the loan from Homestead Lending, Inc., a company later acquired by the Defendant.  (Def.'s Mot. Ex. B.)  In connection with the closing of this loan on July 24, 2000, the Plaintiff executed several documents, including a Request for [a] Taxpayer Identification Number and Certification; a Mailing Address Certification; a Note payable to Homestead Lending, Inc.; and a Deed of Trust on the Property.  (Def.'s Mot. Ex. A, B, E.)  Each of these documents referenced the Property and contained the signature of the Plaintiff as Co-borrower.  (Def.'s Mot. Ex. A, B, E.)  Elizabeth Cayce, then employed with American Title Company, acted as the Notary Public for the closing of the real estate loan on the Property.  (Aff. Elizabeth Cayce ("Cayce Aff.") ¶ 2, 3.)  Cayce notarized the signature of the Plaintiff on the loan's closing documents.  (Cayce Aff. ¶ 5.)  Before notarizing a signature, it is Cayce's policy and practice to copy the personal identification of the signor.  (Cayce Aff. ¶ 5.)  At the time of the closing on the Property, Cayce confirmed the identity of Frazier through the use of her driver's license, issued by the State of Tennessee, and Social Security card, before notarizing her signature.  (Cayce Aff. ¶ 5; Def.'s Mot. Ex. F.)

In May 2004, the Plaintiff applied for a home mortgage under a program for persons without an interest in real property.  (Compl. ¶ 1.)  However, her credit history listed the above detailed loan

---

in opposition to the facts submitted by the Defendant as provided by Local Rule 7.2(d)(3), or submit any evidence to contest those facts, the Court must assume that they are undisputed.

held by the Defendant. (Compl. ¶ 1.) In the instant action, Frazier disputes the validity of the loan information as reported by Washington Mutual to the credit reporting agencies and seeks to recover, pursuant to the FCRA and the TILA, $60,000 for the loss of a potential home loan caused by the allegedly erroneous information.

### I. Defendant's Motion for Summary Judgment

#### A. FRCA Claim

In its motion, the Defendant first asserts that it is entitled to summary judgment on the Plaintiff's FCRA claim because, regardless of the validity of the loan information provided by it to the credit reporting agencies, the Act does not provide a cause of action for consumers against furnishers of information. (Def.'s Mot. at 3.) The purpose of FCRA is to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . ." 15 U.S.C. § 1681(b); Trikas v. Universal Card Servs. Corp. (UCS), 351 F. Supp. 2d 37, 41 (E.D.N.Y. 2005). Sections 1681n and 1681o of the statute provide for a private right of action by a consumer for willful or negligent violations of the statute's provisions. 15 U.S.C. § 1681n(a) (providing that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer"); see also 15 U.S.C. § 1681o(a) (allowing a consumer to recover against a person who negligently fails to comply with any requirement of this subchapter).

While not explicitly stated, it appears from her complaint that the Plaintiff alleges that Washington Mutual violated § 1681s-2(a)(1) of the statute, which states in pertinent part that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency

4

if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Subsection (a)(2) requires a person who has furnished information which is not complete or accurate to a consumer reporting agency to promptly notify the agency of that determination and provide any correct information. 15 U.S.C. § 1681s-2(a)(2). Similarly, subsection (a)(3) instructs a person who has furnished information to a consumer reporting agency to disclose whether the information is disputed. 15 U.S.C. § 1681s-2(a)(3).

However, there is no private right of action under subsection (a). Section 1681s-2(c)(1) plainly states that "sections 1681n and 1681o do not apply to any violation of . . . subsection (a) of this section." 15 U.S.C. § 1681s-2(c)(1); see also Beattie v. Nations Credit Fin. Servs. Corp., No. 02-1744, 2003 WL 21480586, at *5 (4th Cir. May 27, 2003); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11 (D. Mass. 2004); Zotta v. NationsCredit Fin. Servs. Corp., 297 F. Supp. 2d 1196, 1204 n.6 (E.D. Mo. 2003); Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003); Carney v. Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999). Furthermore, subsection (d) of 15 U.S.C. § 1681s-2 limits enforcement of the provisions of § 1681s-2(a) exclusively to "Federal agencies and officials and . . . State officials . . ." 15 U.S.C. § 1681s-2(d); Gibbs, 336 F. Supp. 2d at 11; Zotta, 297 F. Supp. 2d at 1204 n.6. As the Plaintiff cannot maintain an action under § 1681s-2(a), the Defendant's motion for summary judgment as to that claim is GRANTED.

### B. TILA Claim

The TILA "mandates the disclosure of certain information in financing agreements and enforces that mandate by a system of strict liability in favor of consumers who have secured financing when the standards are not met." Szczubelek v. Cendant Mortgage Corp., 215 F.R.D. 107, 127 (D.N.J. 2003). The Act "was enacted to promote the informed use of credit by consumers by

5

requiring meaningful disclosure of credit terms." Begala v. PNC Bank, Ohio, N. A., 163 F.3d 948, 950 (6th Cir.1998). To effectuate this purpose, section 1640(a) expressly provides for civil liability in damages for "any creditor who fails to comply with any requirement imposed under this part..."15 U.S.C. 1640(a).

In the instant motion, the Defendant asserts that it is entitled to summary judgment because, if, as the Plaintiff alleges, Frazier never applied for a loan with Washington Mutual, the Defendant could not have failed to disclose any credit provisions to her in violation of the TILA. (Def.'s Mot. at 6.) The Court agrees. The TILA does not provide a cause of action for unlawful reporting of credit information to credit reporting agencies. See 15 U.S.C. § 1601 et seq. Further, the Plaintiff has not asserted or provided any proof demonstrating that Washington Mutual failed to make any disclosures in violation of the TILA. Accordingly, the Defendant's motion for summary judgment as to this claim is GRANTED.

### II. Plaintiff's Motion for Summary Judgment

In her motion for summary judgment, the Plaintiff maintains that she did not apply for or receive the loan that is the subject of this matter and, on this basis, claims that the information Washington Mutual reported to the credit reporting agencies regarding the loan was wrongful. In support of her claim, she asserts that (1) the signatures on the loan documents were forged; (2) the loan documents were not signed by her, Cynthia Edwards Frazier, but by "Cynthia Edwards;" and (3) the referenced loan funds were never dispersed to her. (Mem. Supp. Pl.'s Mot. Summ. J. ("Pl.'s Mot") at 1-2.) However, as detailed above, even assuming that the Plaintiff's allegations are true, she has failed to state a claim for which relief can be granted under the requirements of the FRCA and the TILA. Accordingly, Plaintiff's motion for summary judgment is DENIED.

### CONCLUSION

Based on the forgoing, the Court hereby GRANTS the motion of the Defendant for summary judgment and DENIES the motion of the Plaintiff for summary judgment.  The Clerk of Court is directed to enter judgment in favor of the Defendant.

**IT IS SO ORDERED** this 1st day of June, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE